**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAMALA VINCENT, individually and as representative of a Class of all those similarly situated,<br><br>                      Plaintiff,<br>vs.<br><br>LINDSEY MANAGEMENT CO., INC. A/K/A LINDSEY MANAGEMENT COMPANY, INC.; ET AL.<br><br>                      Defendants. | Case No. 12-CV-210-JHP-PJC |

## JOINT STATUS REPORT

**Appearing for Plaintiff:**    R. Stratton Taylor, OBA #10142
                                      Email:  staylor@soonerlaw.com
                                      Darrell W. Downs, OBA #12272
                                      Email:  ddowns@soonerlaw.com
                                      Taylor, Burrage, Foster, Mallett, Downs, Ramsey & Russell
                                      P.O. Box 309
                                      Claremore, Oklahoma 74018
                                      Telephone: 918/343.4100
                                      Facsimile: 918/343.4900
                                              and
                                      Daniel D. Draper, III, OBA #18369
                                      Email: ddraper@draperlawok.com
                                      Draper Law Office
                                      P.O. Box 383
                                      Owasso, OK 74055
                                      Telephone:     (918) 272-9222
                                      Facsimile:     (918) 289-2580
                                      *Attorneys for Plaintiffs*

**Appearing for Defendant:**    Sidney G. Dunagan, OBA #2524
                                      Email:  sdunagan@gablelaw.com
                                      Amy M. Stipe, OBA #18361
                                      Email:  astipe@gablelaw.com
                                      GableGotwals
                                      211 North Robinson, 15th Floor
                                      Oklahoma City, OK 73102
                                      Telephone:     (405) 235-5500
                                      Facsimile:     (405) 235-2875
                                      *Attorneys for Defendants*

**JURY TRIAL DEMANDED   X   NON-JURY TRIAL \_\_\_\_\_**

I.   Summary of Claims:

**Plaintiff's Contentions** - Plaintiff entered into an apartment residential lease agreement with the apartment owner/landlord Defendant. The apartment was not ready for move-in and the replacement apartment was defective/deficient in numerous ways. Plaintiff cancelled her lease and Defendants improperly retained Plaintiff's security deposit and also asserted additional monies owed pursuant to purported "acceleration" and/or "liquidated damages" provisions in the lease, ultimately sending Plaintiff's account to a collection agency. Plaintiff, individually and on behalf of all others similarly situated, alleges that Defendants' conduct and/or the subject lease terms/provisions was/were improper, illegal and in violation of Oklahoma law. Defendants have alleged collection of over $4,000,000.00 from Plaintiff and/or the subject Class pursuant to the lease terms/provisions at issue. Plaintiff filed suit in Oklahoma state court (Rogers County). Defendants removed the matter to this Court. Plaintiff, individually and on behalf of all others similarly situated, seeks recovery against Defendants and asserts the following causes of action:

1. Violation(s) of the Oklahoma Residential Landlord Tenant Act, 41 O.S. § 101, *et seq.*
2. Violation(s) of the Oklahoma Real Estate Licensing Code, 50 O.S. § 858-101, *et seq.*, and/or Oklahoma Real Estate Commission Rules, OAC 605:10-1-1, *et seq.*
3. Negligence/Gross Negligence
4. Declaratory Judgment
5. Fraud/Deceit (Actual and/or Constructive)
6. Money Had and Received
7. Unjust Enrichment/Disgorgement
8. Severance of Illegal Contract Terms
9. Breach of Oklahoma Consumer Protection Act
10. Breach of Contract/Agreement
11. Bad Faith
12. Negligent/Tortious Breach of Contract
13. Breach of Fiduciary Duty
14. Civil Conspiracy
15. Injunctive Relief

   A.   Claims to be Dismissed: None

II.  Summary of Defenses:

A number of the Defendants deny they are party to any lease agreement with Plaintiff or any other persons. Accordingly, these Defendants are not proper parties in this suit and should be dismissed.

Defendants contend they have complied with all applicable statutes and rules under Oklahoma law. The provisions contained in Plaintiff's apartment lease are proper, do not violate any statutes or alleged duties owed by Defendants to the Plaintiff or other lessors, nor constitute an unfair business practice. Plaintiff lacks standing to recover damages, seek declaratory relief or seek the severance of contract terms, regarding any contract to which Plaintiff is not a party. Plaintiff fails to state a claim upon which relief can be granted, and her claims are barred by the doctrines of estoppel, release and waiver.

        Defendants further contend that this suit is not suitable for class treatment.

    A.    Defenses to be Abandoned:

        None.

III.    Motions Pending (Include Docket Number, Description and Date at Issue):  None

IV.    Stipulations:

    A.    Jurisdiction Admitted:    __X*__ Yes    _____ No (If no, explain.)

Plaintiff originally filed this action in the District Court for Rogers County, State of Oklahoma on March 16, 2012. On April 10, 2012, the Defendants removed this action to this Court pursuant to the Court's general diversity jurisdiction, 28 U.S.C. §1332(c)(1), and the Class Action Fairness Act, 28 U.S.C. §1453.

        * Based upon the representations asserted by Defendants in ¶¶ 10, 19-21 of Defendants' Notice of Removal [Doc #1]. Otherwise, this Court's jurisdiction is not admitted by Plaintiff.

    B.    Venue Appropriate:    __X__ Yes    _____ No (If no, explain.)

    C.    Facts:

        Plaintiffs: See Section I above ("Plaintiff's Contentions") for Plaintiff's summary of facts.

        Defendants do not stipulate to the facts stated in Plaintiff's Summary of Claims. Defendants will stipulate to the following facts:

a)    On or about September 30, 2011, Plaintiff entered into an Apartment Lease Contract (the "Lease") with Defendant The Greens at Owasso, A Limited Partnership ("The Greens at Owasso"), which owns The Greens at Owasso apartment community located in Owasso, Oklahoma.

b)    Plaintiff's lease term began on October 3, 2011 and was to end on September 28, 2012.

c)    On or about October 6, 2011, Plaintiff delivered to The Greens at Owasso a Notice of Resident's Intention to Vacate, in which Plaintiff notified The Greens at Owasso that she would vacate her apartment unit by October 28, 2011. Plaintiff also entered into a Resident Release From Lease agreement (the "Release"), an agreement provided by The Greens at Owasso to tenants who terminate their lease before the termination date set forth in the Lease.

d)    Plaintiff was in possession of The Greens at Owasso apartment unit until October 28, 2011.

      D.    Law:   None.

V.    Proposed Deadlines:

      A.    Parties to be added by:    September 30, 2012

      B.    Proposed discovery cutoff date (4 months of discovery unless extended by the court for good cause):

          1. Class certification related issues: January 4, 2013 (4 months)

          2. Merits/liability issues: 4 months, to be set/scheduled upon class certification and/or subsequent status/scheduling conference.

          Defendants agree that separate discovery should be conducted for class certification issues and merits/liability issues, but further contend that the proper party issues should be decided before the class certification issue is addressed and additionally request that this issue be addressed before the class certification, as set forth in the discovery plan section, below.

          Plaintiff contends that all Defendants are proper parties and does not agree that a separate preliminary "proper party" discovery period is necessary or appropriate. Defendants have command of all the facts necessary and/or related to the argument of whether or not one or more of the Defendants believe they are proper parties. There is no need for a preliminary, separate, limited "proper party" discovery period, and Plaintiff asserts this is nothing more than a delay tactic by Defendants and creates significant inefficiencies and time waste for the Court and the parties. Further, any discovery related to the "proper party issue" can and should run concurrent with the class certification discovery period, as even Defendants acknowledge that there are proper Defendants in this case, even if one or more of the Defendants contend that not all of the Defendants are "proper parties" (to which Plaintiff denies/disputes).

      C.    Fact witness lists to be exchanged by: To be set/scheduled upon class certification and/or subsequent status/scheduling conference.

      D.    Proposed Date for Expert Reports by Plaintiff and Defendant: To be set/scheduled upon class certification and/or subsequent status/scheduling conference.

VI.    Fed. R. Civ. P. 26(f) Discovery Plan

      A.    Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a): _____ Yes ___X__ No

          If yes, please explain:

B.      When were or will initial disclosures under Rule 26(a)(1) be made?
September 14, 2012.

> Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a Magistrate Judge for resolution. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

C.      Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?

__X__ Yes  _____ No

1st phase – Class certification related issues
2nd phase – Merits/liability issues

As noted above, certain Defendants claim they are not parties to any lease agreements with Plaintiff or any putative class members. Accordingly, these Defendants claim they are not the real parties in interest or proper Defendants in this suit. Despite advising Plaintiff's counsel of these issues, they have failed to dismiss these Defendants. These Defendants, therefore, request that the Court initially limit discovery in this matter to the question of whether these parties are proper defendants in this suit, until such time as the Court rules on these Defendants' anticipated motions for summary judgment on that issue.

Defendants anticipate that discovery on the real party in interest issue could be completed within 90 days and that they would be in a position to brief the issue shortly thereafter. Accordingly, Defendants request the Court allow discovery for 90 days on the limited issue of whether these certain Defendants are real parties in interest and proper Defendants in this matter, after which those Defendants would be given ten days to file motions for summary judgment on that issue. Defendants request all other discovery be stayed until the parties have fully briefed, and the Court has decided, this issue.

Defendants further request the Court hold a status and scheduling conference following its ruling on the real party in interest issue in order to determine an appropriate scheduling order and discovery plan for any remaining claims and parties.

As stated above, Plaintiff contends that all Defendants are proper parties and does not agree that a separate preliminary "proper party" discovery period is necessary or appropriate. The claims in this suit include claims of violations Oklahoma Real Estate Licensing Code, 50 O.S. § 858-101, et seq., and/or Oklahoma Real Estate Commission Rules, OAC 605:10-1-1, et seq., which do not require the Defendants to be named parties to the lease agreements. Residential/apartment property management/leasing is a licensed/regulated activity in the State of Oklahoma, supervised by the Oklahoma Real Estate Commission. Plaintiff also contends Defendants have violated the applicable

5

law/regulations stated above, making the named Defendants proper parties (as parties involved in, related to, and/or responsible or otherwise held accountable for the real estate transactions/activities – here, residential apartment leasing and/or property management), regardless of whether they are named parties in the lease agreements.  Defendants have command of all the facts necessary and/or related to the argument of whether or not one or more of the Defendants believe they are proper parties.  There is no need for a preliminary, separate, limited "proper party" discovery period, and Plaintiff asserts this is nothing more than a delay tactic by Defendants and creates significant inefficiencies and time waste for the Court and the parties.  Further, any discovery related to the "proper party issue" can and should run concurrent with the class certification discovery period, as even Defendants acknowledge that there are proper Defendants in this case, even if one or more of the Defendants contend that not all of the Defendants are "proper parties" (to which Plaintiff denies/disputes).

D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?

_____ Yes    \_\_\_X\_\_ No

If yes, please explain:

E. Proposed Number of fact and expert depositions:
1. To be allowed for Plaintiff?  Class certification period: Fact: 35, Expert: 10.  Plaintiff contends additional deposition issues relating to the merits/liability should be set set/scheduled upon class certification and/or subsequent status/scheduling conference.

2. To be allowed for Defendant?    Defendants contend this issue should be addressed after the real party in interest issue is decided.

F. Is there a need for any other special discovery management orders by the Court?

_____ Yes    \_\_\_X\_\_ No

If yes, please explain:

G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

VII. Are Dispositive Motion Anticipated?    \_\_X\_\_ Yes    _____ No.

If yes, describe them.

Plaintiff:    1. Dispositive issues relating to the statutory laws/regulations at issue herein and/or the subject leases/lease provisions herein.
2. Class certification issues

  Defendants: 1. Certain Defendants anticipate filing motions for summary judgment on the basis that they are not parties to any lease agreements with Plaintiff or any other lessor of the subject apartment communities and that, therefore, they are not proper parties to this suit.

       2. Defendants also anticipate filing a motion for summary judgment regarding the substance of Plaintiff's claims against them, i.e., the propriety of the apartment lease contract provisions at issue.

VIII. Do All Parties Consent to Trial before the Assigned Magistrate Judge?

  _____ Yes \_\_X\_ No

If yes, please attach completed Trial Consent form and indicate the month and year in which trial by the Magistrate Judge is Requested _____

IX. Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?

  _____ Yes \_\_X\_ No

(If yes, please attach a completed Partial Consent form)

X. Settlement Plan (Check one)

  \_\_X\_ Settlement Conference Requested after: Class certification

    Describe settlement judge expertise required, if any:

  \_\_\_\_\_ Private Mediation Scheduled in (date): _____

  \_\_\_\_\_ Other ADR
    (Explain)

  \_\_\_\_\_ ADR is not appropriate in this case
    (Explain)

Has a copy of the Court's ADR booklet been provided to clients as required:

  Plaintiff: \_\_X\_ Yes _____ No

  Defendant: \_\_X\_ Yes _____ No

XI. Does this case warrant special case management? \_\_X\*\_ Yes _____ No

If yes, explain why. \* - Class action issues may warrant/require certain special case management issues

XII.    Do the parties request that the Court hold a scheduling conference?

   __X__ Yes   _____ No

   If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

XIII.   Estimated trial time:   To be determined following the class certification ruling.

Read and Approved by: (Add additional lines or pages as needed)


s/ R. Stratton Taylor, OBA #10142
*Attorneys for Plaintiffs*

s/ Daniel D. Draper, III, OBA #18369
*Attorneys for Plaintiffs*

s/ Amy M. Stipe, OBA #18361
*Attorneys for Defendant*